ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CAYEY PARA EL MUNDO, LA COMUNA CAJEY, COMUNIDAD CARRASQUILLO<br><br>Parte Recurrente<br><br><br><br>v.<br><br><br><br>JUNTA DE PLANIFICACIÓN DE PUERTO RICO, MUNICIPIO AUTÓNOMO DE CAYEY<br><br>Parte Recurrida | TA2026RA00173 | *Revisión Judicial,* procedente de la Junta de Planificación de Puerto Rico<br><br>Caso Núm.: OE-2026-011<br><br><br>Sobre: Aprobación del Plan de Ordenamiento Territorial de Cayey |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.[1]

Monge Gómez, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 8 de mayo de 2026.

Compareció ante este Tribunal la parte recurrente, la Sra. Judith Crespo Kleber, en representación de Cayey para el Mundo, Inc., Carmen R. Rosado Sánchez, en presentación de la Comuna Cajey, Miguel Rivera Luna, en representación de la Comunidad Carrasquillo y Antonio Pérez Aponte, quienes comparecen en su carácter personal y representación de sus comunidades, por derecho propio, (en adelante, los "Recurrentes"), mediante un recurso de revisión judicial presentado el 13 de abril de 2026. Nos solicitaron que se dejara sin efecto el Boletín Administrativo Núm. OE-2026-011 emitido el 11 de marzo de 2026 (en adelante, la "Orden Ejecutiva"). Conforme lo dispone su propio título, mediante la *Orden*

---

[1] De conformidad con la OATA-26-0045, se designó a la Hon. Giselle Romero García, en sustitución del Hon. Felipe Rivera Colón, toda vez que este último dejó de ejercer funciones como juez de apelaciones, efectivo el 4 de mayo de 2026.

*Ejecutiva* se aprobó la Primera Revisión Integral del Plan de Ordenación Territorial del Municipio de Cayey.

Por los fundamentos que expondremos a continuación, se *desestima* el recurso ante nuestra consideración, por su presentación tardía.

**I.**

Luego de que la Junta de Planificación de Puerto Rico comenzara el proceso de participación ciudadana mediante la creación de la Junta de la Comunidad, el 22 de octubre de 2025, dicha entidad gubernamental adoptó la Primera Revisión Integral del Plan de Ordenación Territorial del Municipio de Cayey. Así las cosas, el 11 de marzo de 2026, la Gobernadora de Puerto Rico, Hon. Jenniffer A. González Colón, aprobó el aludido Plan mediante la *Orden Ejecutiva.*

Inconforme con tal aprobación, los Recurrentes acudieron ante este Tribunal mediante el recurso de epígrafe, en el que señaló la comisión de los siguientes errores:

1. Erró la JPA al aprobar el POT sin evidencia sustancial en el expediente administrativo.
2. Erró la JPA al permitir reclasificaciones incompatibles con el Plan de Uso de Terrenos de Puerto Rico 2015 (PUT 2015).
3. Erró la JPA al aprobar el POT en violación al debido proceso administrativo bajo la LPAU.
4. Erró al omitir consulta interagencial y evaluación técnica especializada.
5. Erró al incumplir con los mecanismos de participación ciudadana del Código Municipal (Ley 107-2020).
6. Erró al aprobar el POT sin evaluar adecuadamente el impacto sobre Comunidad Carrasquillo.

El 7 de mayo de 2026, la Junta de Planificación presentó su "Oposición a Revisión Judicial". En igual fecha, el Municipio Autónomo de Cayey presentó su "Oposición a Recurso de Revisión Judicial". Ambos Recurridos solicitaron, entre otras cosas, la desestimación del recurso que nos ocupa.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

La jurisdicción es el poder o autoridad que ostenta un tribunal para resolver los casos y las controversias que tiene ante sí. Cobra Acquisitions,

LLC v. Municipio de Yabucoa *et al.*, 210 DPR 384, 394 (2022); Pueblo v. Ríos Nieves, 209 DPR 264, 273 (2022); Metro Senior v. AFV, 209 DPR 203, 208-209 (2022). Reiteradamente, se ha expresado que los tribunales debemos ser celosos guardianes de nuestra jurisdicción y no tenemos discreción para asumir jurisdicción donde no la hay. Pueblo v. Ríos Nieves*, supra*, pág. 273*;* Pérez Soto v. Cantera Pérez, Inc.*, et al.*, 188 DPR 98, 104-105 (2013). De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes. Pueblo v. Ríos Nieves*, supra*, pág. 273. Por consiguiente, las cuestiones relacionadas a la jurisdicción de un tribunal son privilegiadas y deben atenderse y resolverse con preferencia a cualquier otra. Íd. Por ello, cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires.* Maldonado v. Junta de Planificación, 171 DPR 46, 55 (2007). Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, lo único que procede en Derecho es la desestimación de la causa de acción. Romero Barceló v. E.L.A., 169 DPR 460, 470 (2006); Carattini v. Collazo Syst. Analysis, Inc., 158 DPR 345, 370 (2003).

En lo particular, una de las instancias en la que un foro adjudicativo carece de jurisdicción es cuando se presenta un recurso tardío o prematuro, toda vez que éste "adolece del grave e insubsanable defecto de privar de jurisdicción al tribunal al cual se recurre". Torres Alvarado v. Madera Atiles*,* 202 DPR 495, 501 (2019).

Cónsono con lo anterior, la Regla 83 (B)(1) y (C) del Reglamento de este Tribunal de Apelaciones dispone que una parte podrá solicitar, en cualquier momento, la desestimación de un recurso por razón de falta de jurisdicción. Regla 83 (B)(1) y (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (B)(1) y (C). A su vez, nos faculta a que, *motu proprio* y en cualquier momento, desestimemos un recurso por no haberse perfeccionado conforme a la ley y a las reglas aplicables. Regla 83 (C) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 83 (C).

**B.**

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.* (en adelante, "LPAU"), se creó a los fines de uniformar los procedimientós administrativos ante las agencias. Consecuentemente, desde la aprobación del procedimiento provisto por la LPAU, los entes administrativos están precisados a conducir sus procesos de reglamentación, adjudicación y concesión de licencias y permisos de conformidad con los preceptos de este estatuto y el debido proceso de ley. López Rivera v. Adm. de Corrección, 174 DPR 247, 254-255 (2008).

Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas están sujetas a un proceso de revisión judicial ante este Tribunal de Apelaciones. OEG v. Martínez Giraud, 210 DPR 79, 88 (2022); AAA v. UIA, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. OEG v. Martínez Giraud, *supra*, pág. 88; secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

> Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración**.
>
> […]
>
> Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd. (énfasis suplido).

De otra parte, la Sección 3.15 de la LPAU dispone que:

La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655.

Por último, es necesario señalar que la Regla 57 de nuestro Reglamento, 4 LPRA Ap. XXII-B, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. Rosario Domínguez v. ELA, 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. Íd., págs. 208-209.

**III.**

Conforme se desprende del expediente ante nos, los Recurrentes nos solicitaron que dejáramos sin efecto la *Orden Ejecutiva*. De los autos surge que el 22 de octubre de 2025, la Junta de Planificación adoptó la Primera Revisión Integral del Plan de Ordenación Territorial del Municipio de Cayey, mediante la expedición de la Resolución Núm. JP-PT-70-05. Posteriormente, la Gobernadora de Puerto Rico, Hon. Jenniffer A. González Colón, le impartió aprobación al mismo por vía de la *Orden Ejecutiva* que fue emitida y promulgada, de conformidad con la ley, el 11 de marzo de 2026.

A la luz de las disposiciones normativas reseñadas, una parte adversamente afectada por una determinación administrativa cuenta con un

término de treinta (30) días para presentar un recurso de revisión judicial ante este Tribunal de Apelaciones. Así también, si se presentase una solicitud de reconsideración sobre dicha determinación final dentro del plazo estatutario para ello y la agencia tomare alguna determinación al respecto, el término para recurrir ante este foro apelativo intermedio comienza a transcurrir desde la fecha en que se archive en autos una copia de la notificación de la resolución de la agencia resolviendo definitivamente la moción de reconsideración. 3 LPRA sec. 9655.

En vista de lo anterior, y asumiendo que la aludida *Orden Ejecutiva* es revisable ante este Tribunal, los Recurrentes tenían **hasta el 10 de abril de 2026** para recurrir ante este Tribunal y solicitar su revisión. Sin embargo, el recurso fue presentado ante nos el 13 de abril de 2026, es decir, fuera del plazo jurisdiccional de treinta (30) días que dispone la LPAU. Lo anterior, nos obliga a decretar la desestimación del recurso ante nos, tras su presentación tardía.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, *desestimamos* el recurso de epígrafe, por su presentación tardía.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones